**F I L E D**

**UNITED STATES COURT OF APPEALS**

**August 14, 2007**

**TENTH CIRCUIT**

JAMES DALE VAUGHN,

       Petitioner–Appellant,

v.

SAM CALBONE,

      Respondent–Appellee.

No. 07-7026

(D.C. No. CIV-03-383-JHP)

(E.D. Okla.)

**ORDER**[*]

Before **BRISCOE**, **McKAY**, and **McCONNELL**, Circuit Judges.

Petitioner, a state inmate proceeding pro se, seeks a certificate of appealability to appeal the district court's denial of his 28 U.S.C. § 2254 habeas petition. Petitioner was convicted, following a jury trial in Oklahoma state court, of possessing marijuana and methamphetamine with intent to distribute after a former conviction of two or more drug-related felonies. He was sentenced to life imprisonment and fined $2000. After exhausting his state court remedies, Petitioner filed the instant petition claiming several errors in his trial, sentencing,

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

After examining Petitioner's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

and direct appeal. The magistrate judge analyzed each of Petitioner's claims and recommended dismissal of the action. The district court affirmed and adopted the magistrate judge's report and recommendation and denied the petition. The district court also rejected Petitioner's request of a certificate of appealability. Petitioner now seeks a certificate of appealability from this court.

To obtain a certificate of appealability, Petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). In order to meet this burden, Petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

The district court used an incorrect standard to deny Petitioner's Eighth Amendment challenge to his sentence, stating that habeas relief was not warranted simply because Petitioner's sentence was within state statutory sentencing limits. While we must "grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes, as well as to the discretion that trial courts possess in sentencing convicted criminals," *Solem v. Helm*, 463 U.S. 277, 290 (1983), a federal habeas court is required by the Constitution to examine a challenged sentence—whether state or federal—to determine if it is proportionate to the crime, *see id.* at 303. In

*Hawkins v. Hargett*, 200 F.3d 1279, 1284-85 (10th Cir. 1999), we clarified that a state sentence challenged on Eighth Amendment grounds must be reviewed for "gross disproportionality" to the crime.

However, Petitioner has not established that he is entitled to a certificate of appealability on this issue because reasonable jurists would not debate whether the district court's *judgment* was correct. "The gross disproportionality principle reserves a constitutional violation for only the extraordinary case." *Lockyer v. Andrade*, 538 U.S. 63, 76 (2003). Upon reviewing the same evidence available before the district court, we are convinced that this is not an "extraordinary" case in which the sentence is grossly disproportionate to the crime. *See Harmelin v. Michigan*, 501 U.S. 957, 994 (1991) (holding that sentence of life imprisonment without parole for first-time offender's possession of 672 grams of cocaine did not violate Eighth Amendment); *Gutierrez v. Moriarty*, 922 F.2d 1464, 1473 (10th Cir. 1991) (rejecting Eighth Amendment challenge to life sentence for sale of small amount of heroin by repeat drug offender).

We have carefully reviewed Petitioner's other arguments regarding alleged errors in his trial, sentencing, and appeal. Nothing in Petitioner's brief, the prior state and federal judicial decisions pertaining to Petitioner's conviction, or the record on appeal raises an issue which meets our standard for the grant of a

certificate of appealability.[1]  We therefore **DENY** Petitioner's request for a

certificate of appealability and **DISMISS** the appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge

---

[1] Our review of the record also convinces us that the district court did not err by failing to hold an evidentiary hearing, *see* 28 U.S.C. 2254(e)(2); *see also Castro v. Ward*, 138 F.3d 810, 832 (10th Cir. 1998), and that Petitioner is not entitled to any relief based on the district court's delay in adjudicating his habeas petition, *see United States v. Dago*, 441 F.3d 1238, 1248-50 (10th Cir. 2006).